```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

LOUISE TERRELL, *formerly known*          :
*as* Louise Quilter                       :
                                          :
    Plaintiff,        :         CIVIL ACTION
                                          :
v.                                        :         NO. 1:12-CV-2515-TWT-ECS
                                          :
PROSPERITY FINANCIAL                      :
SOLUTIONS, INC., an Illinois              :
corporation                               :
                                          :
    Defendant.        :

### ORDER, FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's motion for extension of time to file a motion for default judgment, [Doc. 8], and Plaintiff's motion for default judgment, [Doc. 9]. For the reasons discussed herein, **IT IS RECOMMENDED** that Plaintiff's motion for default judgment, [Doc. 9], be **GRANTED**. Plaintiff's motion for extension of time, [Doc. 8], is **DENIED AS MOOT**.

### I.
### Background

Plaintiff commenced this civil action on July 19, 2012, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 to -407. [Doc. 1]. Defendant was served by personal service on CT Corporation, Defendant's registered

agent, on July 27, 2012. [Doc. 3]. To date, Defendant has not responded by answer or motion to Plaintiff's complaint or to this motion for default judgment.

On February 13, 2013, Plaintiff filed a motion for clerk's entry of default, [Doc. 7], and a motion for extension of time to file a motion for default judgment, [Doc. 8], which is currently pending before the Court. Later that same day, Plaintiff filed the motion for default judgment that is also pending before the Court. [Doc. 9].[1] The clerk docketed Defendant's entry of default on February 14, 2013.

## II.
## Discussion

### A.   Default Judgment Standard

The entry of default is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). In this case, Defendant was required to respond to Plaintiff's complaint within twenty-one days after being served with the summons and

---

[1] Because Plaintiff filed her motion for default judgment on the same day as her motion for extension of time, Plaintiff's motion for extension of time to file a motion for default judgment, [Doc. 8], is **DENIED AS MOOT.**

complaint, Fed. R. Civ. P. 12(a)(1)(A)(i), but to date has not responded in any way. Therefore, entry of default is appropriate.

Once the clerk has made an entry of default, default judgment may be obtained by application to the Court upon the failure of any party to plead or otherwise defend as provided by the rules. Fed. R. Civ. P. 55(b). Before entering a default judgment for damages, the Court must ensure that a plaintiff's complaint states a plausible claim for relief, Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005), because a defendant in default is "deemed to admit the plaintiff's well-pleaded allegations of fact, but should not admit facts that are not well-pleaded or conclusions of law." Gilmore v. Account Mgmt., Inc., No. 1:08-cv-1388-JOF-LTW, 2009 WL 2848278, at *4 (N.D. Ga. Apr. 27, 2009) (internal quotations and citations omitted), adopted in part by No. 1:08-cv-1388-JOF, 2009 WL 2848249 (N.D. Ga. Aug. 31, 2009).

**B.  Plaintiff's Claims**

In this case, Plaintiff claims that Defendant violated the FDCPA when Defendant left a prerecorded telephone message in an attempt to collect a debt for a medical bill that Plaintiff had allegedly already paid. [Doc. 1 ¶¶ 18-19]. Plaintiff asserts that Defendant failed to disclose its identity, did not state that the

purpose of the call was to collect a debt, and did not state that it was a debt collector. [Id. ¶¶ 24, 26, 29-31].[2]

The FDCPA prohibits a debt collector from placing telephone calls without providing "meaningful disclosure of the caller's identity," 15 U.S.C. § 1692d(6), which courts have "uniformly" construed as "requir[ing] a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." Gilmore, 2009 WL 2848278, at *5 (citing Valencia v. Affiliated Grp., Inc., No. Civ. A. 07–61381–CIV, 2008 WL 4372895, at *3 (S.D. Fla. Sep. 24, 2008); Wright v. Credit Bureau of Ga., Inc., 548 F. Supp. 591, 597 (N.D. Ga. 1982)). Accordingly, Defendant has violated § 1692d(6) by its failure to disclose that the purpose of the phone call to Plaintiff was to collect a debt.

Furthermore, a debt collector must disclose in its initial communication that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). The FDCPA also requires a debt collector to disclose in any subsequent communications "that the communication is from a debt collector." Id. Many courts, including

---

[2] In the complaint, Plaintiff also raised a claim under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 to -407. [Doc. 1 ¶¶ 45-46]. In her motion for default judgment, however, Plaintiff has elected to proceed only on the FDCPA claim. [Doc. 9-1 at 2 n.1].

4

courts in this circuit, have determined that voice mail messages are communications under the FDCPA. See, e.g., Edwards v. Niagara Credit Solutions, Inc., 586 F. Supp. 2d 1346 (N.D. Ga. 2008), aff'd on other grounds, 584 F.3d 1350 (11th Cir. 2009). Accepting Plaintiff's allegations as true, the Court concludes that Defendant violated § 1692e(11) by failing to disclose in a telephone message that the communication was from a debt collector and that the purpose of the call was to collect a debt.

**C.   Damages**

Plaintiff requests $1,000.00 in statutory damages under the FDCPA, $1,551.00 in attorney's fees, and $350.00 in costs under the FDCPA. [Doc. 9-1 at 19].

If a defendant violates the FDCPA, the court may award statutory damages to the plaintiff up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). In addition to statutory damages, the court may also award "reasonable attorney's fees" and "costs of the action." § 1692k(a)(3); accord Grable v. Gregory J. Barro, PLC, 1:05-cv-3133-JEC, 2007 WL 879584, at *3 (N.D. Ga. Mar. 20, 2007). On entry of default, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotation marks omitted);

5

see also SEC v. Smyth, 420 F.3d 1225, 1232 n.13 ("An evidentiary hearing is not . . . required where all essential evidence is already of record.") (internal citation omitted); J & J Sports Prods., Inc. v. Fitzgerald, No. 1:09-cv-1684-WSD, 2009 WL 3681834, at *4 (N.D. Ga. Oct. 30, 2009) (allowing an award of attorney's fees based on the attorney's affidavit).

In this case, the undersigned finds that Plaintiff is entitled to such statutory damages up to $1,000.00 as the Court may deem appropriate under § 1692k(a)(2)(A) and reasonable attorney's fees and costs under § 1692k(a)(3). Because Plaintiff has submitted her attorneys' affidavits and other documentation in support of her request for fees, the undersigned concludes that the Court may determine the proper amount of fees without holding a hearing.

To determine the proper amount of fees, the Court must multiply the hours reasonably expended by a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses . . . ." Id. at 1303.

In this case, Plaintiff requests attorney's fees in the amount of $1,551.00. This amount represents 2.8 hours of legal work at

6

$345.00 per hour, and 2.6 hours of legal work at $225.00 per hour.[3] [Doc. 9-5 at 1]. In support of this documentation, Plaintiff has submitted her attorneys' invoice for this matter; declarations from her attorneys showing that these rates have been awarded in several other cases; and a declaration from another attorney stating that the rates are reasonable and customary. [Docs. 9-3, 9-4, 9-5, 9-6]. Because the amount requested by Plaintiff is unopposed, and because this amount is not "clearly out of line," the undersigned will apply the hourly rates as requested. See Grable, 2007 WL 879584, at *3 (internal citations omitted) ("[I]f a defendant has defaulted, a court will frequently accede to the rate requested by the plaintiff's counsel, unless that rate is clearly out of line.").

Finally, this Court turns to the proper amount of costs to award in the instant case. The documentation provided by Plaintiff reflects undisputed costs in the amount of $350.00 for filing fees. [Doc. 9-5 at 1]; see also [Doc. 1]. The Court finds this amount to be reasonable.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for default judgment, [Doc. 9], be **GRANTED** and that a judgment of

---

[3]  The itemization provided by Plaintiff is as follows: 2.8 hours for attorney James M. Feagle at a rate of $345.00 per hour, and 2.6 hours for attorney Justin T. Holcombe at a rate of $225.00 per hour. [Doc. 9-5 at 1].

$2,901.00 be awarded in favor of Plaintiff and against Defendant, pursuant to 15 U.S.C. § 1692k.[4]

### III.
### Conclusion

In sum, Defendant has failed to defend or respond to this action. The undersigned thus **RECOMMENDS** that Plaintiff's motion for default judgment, [Doc. 9], be **GRANTED** and that a default judgment be entered against Defendant and in favor of Plaintiff, pursuant to Federal Rule of Civil Procedure 55(b). The undersigned further **RECOMMENDS** that statutory damages in the amount of $1,000.00, attorney's fees in the amount of $1,551.00, and costs in the amount of $350.00 be awarded to Plaintiff, for a total award of **$2,901.00**.

Plaintiff's motion for extension of time to file a motion for default judgment, [Doc. 8], is **DENIED AS MOOT**.

The adoption of this Final Report and Recommendation will leave no claims to adjudicate. Accordingly, with no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

---

[4] This figure represents $1,000.00 in statutory damages, $1,551.00 in attorney's fees, and $350.00 in costs.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 26th day of March, 2013.

                                                     _s/ E. Clayton Scofield_
                                                    E. CLAYTON SCOFIELD III
                                                    UNITED STATES MAGISTRATE JUDGE